```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

GDI, LLC,                      )
                               )
          Plaintiff,           )
                               )
     v.                        )    No.  10 C 4946
                               )
GALLAGHER SECURITY (U.S.A.),   )
INC., et al.,                  )
                               )
          Defendants.          )
```

## MEMORANDUM OPINION AND ORDER

GDI, LLC ("GDI") has filed a six-count Complaint against Gallagher Security (U.S.A.), Inc. and Gallagher Group Ltd., seeking to invoke federal subject matter jurisdiction on diversity of citizenship grounds. Because that effort is impermissibly flawed, so that GDI has failed to carry its burden of establishing subject matter jurisdiction here, this sua sponte opinion dismisses the Complaint and this action on jurisdictional grounds--but with the understanding that if the present flaws can be cured promptly, the action might then be reinstated.

As to Gallagher Security (U.S.A.) Inc., Complaint ¶8 properly identifies both components of its corporate citizenship under 28 U.S.C. §1332(c)(1).[1] But GDI's counsel has not done the same as to the other Gallagher corporation, which is identified in the Complaint's introductory paragraph as a New Zealand

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

corporation, and as to which nothing more is said in the body of the Complaint.

That omission alone obviously needs correcting. But even more fundamentally, all that GDI's counsel say as to their own client is simply this (Complaint ¶1):

> GDI is a Delaware limited liability company which, [sic] all times relevant hereto, had its principal place of business in the greater Chicago area of Illinois.

As that language reflects, Complaint ¶1 speaks only of facts that are jurisdictionally irrelevant when a limited liability company is involved.[2] Those allegations ignore more than 10 years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by Thomas v. Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007)). And that teaching has of course been echoed many times over by this Court and its colleagues.

Until sometime last year this Court was content simply to identify such failures to the lawyers representing plaintiffs in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743

---

[2] There is considerable irony here--in the introductory paragraph of the Complaint GDI's lawyers identify their firm as "a partnership of professional and limited liability corporations." Yet they lack an understanding of an important component of the attributes of their own legal structure.

2

(7th Cir. 2005)). There is really no excuse for counsel's lack of knowledge of such a firmly established principle after more than a full decade's repetition by our Court of Appeals and others. Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly not only GDI's Complaint but this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)),[3] with GDI and his counsel jointly obligated to pay a fine of $350 to the District Court Clerk if an appropriate Fed. R. Civ. P. 59(e) motion hereafter provides the missing information that leads to the vacatur of this judgment of dismissal.[4] Because this dismissal is attributable to GDI's lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 11, 2010

---

[3] This Court notes that five of the six Complaint counts sound in Illinois state law, while Count IV is headed "Violation of the Federal Computer Fraud and Abuse Act." But the allegations there point to 18 U.S.C. §1030, and the only civil action authorized by that section (18 U.S.C. §1030(g)) is limited to violations that GDI does not appear to have asserted here. It is understandable, then, that the Complaint limits itself to invoking diversity jurisdiction, with no reference to federal-question jurisdiction.

[4] That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defects identified here turn out to be curable.

3