```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

GDI, LLC,                        )
                                 )
            Plaintiff,           )
                                 )
     v.                          )   No.  10 C 4946
                                 )
GALLAGHER SECURITY (U.S.A.),     )
INC., et al.,                    )
                                 )
            Defendants.          )
```

## MEMORANDUM ORDER

This Court's sua sponte August 11, 2010 memorandum opinion and order ("Order") identified several subject matter jurisdictional problems with the Complaint that had then been brought by GDI, LLC ("GDI") against Gallagher Security (U.S.A.), Inc. and Gallagher Group Ltd. Because of those jurisdictional flaws, the Order dismissed both the Complaint and this action, while at the same time holding out the prospect of a possible vacatur of the dismissal if that were done promptly.

Now GDI has indeed filed a Fed. R. Civ. P. ("Rule") 59(e) motion that proposes the filing of an Amended Complaint ("AC").[1] This Court finds the motion's elaboration as to the parties' citizenship at its pages 2 and 3 to be satisfactory with one possible exception: One of the members of GDI is identified as

---

[1] GDI also seeks briefly to invoke Rule 60 as well. This Circuit's caselaw holds that those provisions are mutually exclusive, so that the timeliness of GDI's September 8 motion under Rule 59(e)(which now has a 28-day time limit) has come in under the wire, thus taking any Rule 60 potential out of play.

"DRD Family Limited Partnership," which is said to be "an Illinois corporation."

This Court has long since left the practice of law, so it has not troubled itself to keep current on Illinois substantive law except to the extent provided by its regular reading and by diversity cases litigated before it. But its understanding has always been that Illinois limited partnerships do not take corporate form, and it knows of no change in the diversity rule announced two decades ago in Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990). Accordingly GDI's counsel are ordered promptly to provide an appropriate showing that an Illinois limited partnership is governed by 28 U.S.C. §1332(c)(1) for diversity purposes or, absent that, to provide the citizenship information as to all members of that partnership.

That however appears to be purely informational, for GDI's counsel has also fleshed out the original Complaint's allegations as to the Federal Computer Fraud and Abuse Act, thus providing an independent basis for subject matter jurisdiction under the federal-question branch. Accordingly leave to file the AC is granted (with the one possible revision mentioned earlier), and as provided in the Order that filing must be accompanied by payment of the $350 fine referred to there.

                                       _____
                                       Milton I. Shadur
                                       Senior United States District Judge

Date: September 8, 2010