IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GDI, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10 C 4946 |
| | ) |
| GALLAGHER SECURITY (U.S.A.), | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM ORDER

Gallagher Security (U.S.A.), Inc. and Gallagher Group, Ltd. (collectively "Gallaghers") have filed a motion to dismiss the Second Amended Complaint ("SAC") brought against them by GDI, LLC ("GDI"). This memorandum order is not intended to be dispositive of the motion, based on what this Court had contemplated would be the final submission from the litigants (GDI's Supplemental Brief in Support of Plaintiff's Response to Defendants' Motion To Dismiss)--instead this Court is now asking the parties to focus on a perspective that has been absent from the submissions to date.

As one of their claimed grounds for dismissal, Gallaghers rely in substantial part on a principle announced in Muhammad v. Oliver, 547 F.3d 874, 876-77 (7th Cir. 2008), under which a plaintiff that abandons a lawsuit after sustaining some adverse ruling is barred from instituting a later suit stemming from the same operative facts (even though the earlier dismissal was said to be "without prejudice"). That principle is a special

application of the doctrine of claim preclusion.[1]

GDI's response is essentially that its current case (the second lawsuit for Muhammad purposes) is based upon what it characterizes as "damaging conduct by Gallagher" that it first learned about in 2010, thus assertedly negating claim preclusion attributable to a lawsuit dismissed earlier than that. For the reason briefly explained here, however, that response appears somewhat oversimplistic and calls for further input from counsel for the litigants.

It is of course conventional wisdom that claim preclusion bars the relitigation of all claims that were or could have been advanced in the earlier action and that it operates in favor of both the prevailing party and its privies. What that appears to mean in this situation is that the conduct that GDI sought to characterize as wrongful in its earlier lawsuit must instead be considered as having been adjudicated as lawful. And that would in turn seem to suggest that a continuation of that lawful conduct, though learned of later or creating later harm, would

---

[1] This Court regularly employs this term rather than the old generic label of "res judicata," in part because all too many cases have employed the latter label for both claim preclusion and issue preclusion, thus muddying the analytical waters. For a comparatively early and highly lucid explanation of the difference between the two more precise preclusion concepts, see Migra v. Warren Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984); and see also this Court's occasional elaboration on the reasons for following Migra's teaching in such cases as Norals v. Schneider Bros., Inc., 651 F.Supp. 1324, 1326-27 (N.D. Ill. 1987).

not be actionable either.

Accordingly both sides are invited to file supplemental submissions speaking to the subject identified here on or before January 25, 2011. This Court will then take the matter under advisement for the issuance of a full-fledged opinion.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 13, 2011