```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION

GDI, LLC,                        )
                                 )
          Plaintiff,             )
                                 )
     v.                          )     No. 10 C 4946
                                 )
GALLAGHER SECURITY (U.S.A.),     )
INC., et al.,                    )
                                 )
          Defendants.            )
```

MEMORANDUM ORDER

In accordance with the authorization given by this Court following the issuance of its February 9, 2011 memorandum opinion and order ("Opinion"), plaintiff GDI, LLC ("GDI") has filed its Third Amended Complaint ("TAC") in this action. This memorandum order is issued sua sponte because of what this Court views as a material omission in that new pleading.

Before the TAC launches into its allegations under the heading "Fact Background of the Claims in This Complaint" (beginning at TAC ¶37), it has set out at TAC ¶¶13-36 a set of allegations under the heading "Fact Background of Previous Litigation." That section describes GDI's earlier state court lawsuit against Gallagher and GDI's ex-employee Elliot Rose ("Rose"), who had then become employed by Gallagher after leaving GDI. But GDI's counsel has made no mention whatever in that section of an important fact that is critical to the claim preclusion analysis set out in the Opinion: the state court's issuance of an opinion that held the restrictive covenant in

Rose's employment agreement with GDI was "unenforceable and unreasonable as a matter of law," so that the state court had granted judgment on the pleadings against GDI in that respect <u>before</u> GDI then abandoned the state court litigation.[1]

Gallagher's pleading in response to the TAC is due to be filed on March 24. In the meantime, however, full disclosure requires that GDI amend the TAC to cure the material omission described here.

                                          _____
                                          Milton I. Shadur
                                          Senior United States District Judge

Date: March 7, 2011

---

[1] TAC ¶36 describes GDI's current explanation of its abandonment decision that led it to dismiss the state court lawsuit voluntarily. That rationale was preceded in TAC ¶¶34 and 35 of GDI's asserted rationale for having previously dismissed Gallagher as a defendant in the state court lawsuit. Those claimed rationales may or may not be mere rationalizations instead, but it is GDI's conduct of the earlier litigation rather than its subjective motivation that controls the claim preclusion analysis.