IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GDI, LLC,                          )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    No. 10 C 4946
                                   )
GALLAGHER SECURITY (U.S.A.),       )
INC. and GALLAGHER GROUP LTD.,     )
                                   )
          Defendants.              )

## MEMORANDUM OPINION AND ORDER

Gallagher Security (U.S.A.), Inc. and Gallagher Group Ltd. (collectively "Gallagher," treated after this sentence as a singular noun purely for convenience) have sought to target for dismissal this action brought against them by GDI, LLC ("GDI"). Those efforts have borne a greater resemblance to skeet shooting than to the proverbial shooting of fish in a barrel, for GDI has presented a constantly moving target -- its most recent submission is the just-filed <u>Sixth</u> Amended Complaint, which has been coupled with its memorandum responding to Gallagher's motion to dismiss GDI's Fourth Amended Complaint.[1]

Much of GDI's memorandum is devoted to the issue of preclusion stemming from its voluntary dismissal of an Illinois state court action that it had brought against its ex-employee Elliot Rose and into which it had injected one of the Gallagher entities as a defendant for a time. But the bulk of that

---

[1] GDI's "Fifth Amended Complaint" was an aborted effort that this Court rejected out of hand when it was first tendered.

preclusion discussion has focused on federal caselaw and is therefore beside the mark, for the preclusive effect of a prior Illinois state court lawsuit is a matter of <u>Illinois</u> and not federal law (<u>Marrese v. Am. Acad. of Orthopaedic Surgeons</u>, 470 U.S. 373, 380-81 (1985), relying in principal part on the full faith and credit provision of 28 U.S.C. § 1738).

It is regrettable that federal District Courts lack the power to certify questions of state law to the Illinois Supreme Court, which has conferred that power solely on the United States Supreme Court and our Court of Appeals under its S.Ct. Rule 20.[2] After all, the complex issues of claim preclusion, and perhaps issue preclusion, that are posed here can

---

[2] Some years ago, when the late Seymour Simon (whom this Court was proud to have as a personal friend) had already left the Illinois Supreme Court to return to private practice and had taken the occasion to inquire of this Court as to matters of procedure before the Court of Appeals for the Second Circuit (where Justice Simon was about to participate in an oral argument), this Court asked him whether the Illinois Supreme Court had ever considered the possibility of extending the certification privilege to the District Courts (as some other state Supreme Courts have done), courts before which such difficult unresolved issues of state law arise with greater frequency. Justice Simon responded that he and one or two of the other Justices had been in favor of such an extension, but that a majority of the Justices were reluctant to take that step because of the feeling that District Judges might take offense if their requests for certification were denied. Although that reaction displays a commendable degree of solicitude for the feelings of the District Court judiciary, this Court's sense is that none of us would ever take offense at any decision that by definition would be within the sole discretion of the Illinois Supreme Court. Indeed, this Court recalls a number of instances in which that court has respectfully declined a request from the Court of Appeals, and it is more than doubtful that any bruised feelings resulted.

be answered definitively only by the Illinois Supreme Court. But because that privilege is unavailable, this Court calls on Gallagher's counsel to file a reply, devoted to Illinois law alone, on the subjects of both claim preclusion and issue preclusion under the circumstances posed by this case.[3]

GDI has also sought to insert federal antitrust contentions into its lawsuit at this point, a good example of its moving-target approach to the litigation (although the underlying facts have not changed, no such claim was brought into the case until the Complaint had undergone several transformations). Once again, the principles announced in Marrese, which held that any potential for a state court judgment's preclusive effect on such a federal claim -- a claim that could not have been raised in the suit that generated that judgment -- teach that the answer must also depend on state preclusion law under full faith and credit principles (470 U.S. at 379-83).

On that score nothing suggests that Illinois counts would deviate from the general proposition that the exclusivity of antitrust jurisdiction in the federal courts cannot be trumped by a judgment in a state court that itself had no power to entertain

---

[3] GDI's Mem. 4 attempts to call into play the Illinois statutory provision that extends the statute of limitations by permitting the refiling of a lawsuit within a year after a voluntary dismissal (735 ILCS 5/13-217). That argument is not even a nice try -- nothing in that statute deprives the earlier dismissal of its status as a final order, and that controls the determination as to its preclusive effect.

3

such a claim (although it is of course nonprecedenetial, the opinion by this Court's then colleague Honorable Paul Plunkett, who inherited the Marrese case post-remand, so held (628 F.Supp. 918-923-25 (N.D.Ill. 1986.)) Accordingly the earlier-ordered reply memorandum by Gallagher must address that issue as well.

## Conclusion

As reflected here, further input from Gallagher is needed before the status of the Sixth Amended Complaint can be determined. For that purpose Gallagher will not be required to reinvent the wheel by restating arguments that it has made previously (this Court has retained the parties' filings in its chambers file). It will be permissible instead for Gallagher simply to cite to its prior filings and to the authorities cited there.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 4, 2011